## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF TEXAS PETROLEUM INVESTMENT COMPANY AS OWNER OF THE DA-JA-VOO, FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NUMBER: SECTION: JUDGE: MAGISTRATE JUDGE |

### VERIFIED COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Texas Petroleum Investment Company (hereafter "Petitioner"), in its capacity as owner and operator of the vessel DA-JA-VOO, who files this Verified Complaint for Exoneration From or Limitation of Liability and alleges upon information and belief as follows:

**I.** **VENUE AND JURISDICTION.**

    1.    This is a cause of admiralty and maritime jurisdiction, as hereinafter more fully appears, brought under 28 U.S.C. § 1333 and the Limitation of Liability Act, 46 U.S.C. §§ 30501-30512, Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty & Maritime Claims (the "Supplemental Rules").

    2.    At all times hereinafter mentioned Petitioner was, and now is, a foreign business entity operating under the laws of the State of Louisiana and doing business in the State of Louisiana.

    3.    At all times hereinafter mentioned, Petitioner, owned and operated the vessel DA-JA-VOO ("the Vessel").

4.     At all times hereinafter mentioned, the Vessel was a 1999 aluminum passenger vessel 22 feet in length with twin 115 horse power outboard motors.

5.     Prior to and at all times hereinafter described, Petitioner exercised due diligence to make and maintain the Vessel in all respects seaworthy; and at all times hereinafter described the Vessel was, in fact, tight, staunch, strong, and fully and properly equipped, and in all respects seaworthy and fit and proper for the service in which the Vessel was engaged.

6.     As explained more fully below, on or about November 20, 2015, Timmy Charpentier and Betty Charpentier ("Plaintiffs") provided written notice that they seek to recover damages from Petitioner in its capacity as owner of the Vessel.  Within six months of receiving this written notice, and in compliance with 46 U.S.C. § 30511(a), TPIC files this Complaint seeking Exoneration from or Limitation of Liability.

II.     **FACTUAL BASIS OF THIS PROCEEDING.**

7.     On or about August 9, 2012, Mr. Charpentier was employed by Shamrock Energy Solutions and working as a production operator on Texas Petroleum Investment Company's Point Au Fer production platform ("the platform").  Timmy Charpentier has alleged that while he was working on the platform, the compressor's second stage pressure valve released, and that this blew air and/or gas into Mr. Charpentier's face. Petitioner specifically denies Plaintiff's allegations, denies that the incident occurred, denies that Plaintiff's sustained any injuries, and denies any liability for the alleged release of the compressor's second stage pressure valve.

8.     Following Mr. Charpentier's alleged accident, on information and belief his employer Shamrock Energy Solutions paid his medical expenses and provided him with indemnity payments pursuant to the Louisiana Workers Compensation Act.

Plaintiff did not allege that he was a Jones Act seaman, and Plaintiff did not demand maintenance and cure.  Instead, Plaintiff accepted the workers' compensation benefits that he was provided by Shamrock Energy Solutions.

9.  On or about June 19, 2013, Mr. Charpentier and his wife, Betty Charpentier (sometimes referred to collectively as "Plaintiffs") filed their Original Petition in Louisiana state court against HUB Energy Services seeking damages related to his alleged August 9, 2012 accident.  HUB Energy Services owned the compressor on the platform.  The Original Petition,[1] contains the following allegations, all of which are denied by TPIC:

> At all material times herein, Petitioner, Timmy Charpentier, was an employee of Shamrock Management and on or about August 9, 2012, was performing his regular duties at the Point Au Fer facility, in Terrebonne Parish, State of Louisiana when suddenly and without warning was struck in the face and chest when the pressure release valve released a significant amount of pressure.

10.  Plaintiffs' Original Petition sought damages from HUB Energy Services, the owner of the compressor, for their alleged negligence.[2]

11.  Plaintiffs' Original Petition contained no mention of TPIC, a vessel, or claims under the Jones Act or maritime law.[3]

12.  On or about August 8, 2013, Plaintiffs filed a First Amended Petition.[4]  In it, Plaintiffs added TPIC as a defendant.  Plaintiffs alleged that TPIC was liable to Plaintiffs for the following reasons, all of which are denied by TPIC:

> Upon information and belief, the compressor and its component parts that malfunctioned were improperly installed and/or maintained that resulted in the accident

---

[1] Exhibit "1," Plaintiff's Original State Court Petition.
[2] Exhibit "1," Plaintiff' Original State Court Petition.
[3] Exhibit "1," Plaintiff's Original State Court Petition.
[4] Exhibit "2," Plaintiff's First Amended State Court Petition.

> which caused Mr. Charpentier's injuries was owned, installed, and services by HUB Energy Services, Inc., Texas Petroleum, and/or Texas Petroleum Investment Company.
>
> A legal and proximate cause of the incident described above was the negligence and/or fault of defendant, HUB Energy Services, Inc., Texas Petroleum and/or Texas Petroleum Investment Company, in the improper and/or negligent installation, maintenance, and/or service of the compressor and other negligent actions and/or inactions related to the installation, service, and maintenance and/or its ownership of the compressor and its component parts.[5]

13.     Plaintiffs' claims against TPIC in his Original Petition and First Amended Petition were premised upon TPIC's alleged ownership and/or responsibility for the compressor on the platform.  They were not premised upon TPIC's ownership of the Vessel.   Therefore, neither the Original Petition nor the First Amended Petition constituted written notice to TPIC of a claim subject to limitation under the Limitation of Liability Act.  *See Billiot v. Dolphin Services, Inc.*, 225 F.3d 515 (5th Cir. 2000) (stating that "a 'written notice of claim' sufficient to trigger the filing-period must reveal a 'reasonable possibility' that the claim is subject to limitation."); *In re Complaint of Dolphin Services, Inc.*, 1999 WL 694086, at *4 (E.D. La. Sept. 7, 1999) (stating that "a sufficient notice must also inform the owner of the claimant's intention to seek damages from the owner.").

14.     On or about November 20, 2015, Plaintiffs filed a Second Amended Petition.[6]  In it, Plaintiffs alleged new facts and theories of liability against TPIC. Specifically, Plaintiffs asserted new claims against TPIC in its capacity as owner of the Vessel under the Jones Act and the general maritime law, all of which are denied by TPIC:

---

[5] Exhibit "2," Plaintiff's First Amended State Court Petition.
[6] Exhibit "3," Plaintiff's Second Amended State Court Petition.

In the alternative, petitioner Timmy Charpentier brings a claim under the Jones Act, 46 U.S.C. § 688, *et. seq.* against Texas Petroleum and/or Texas Petroleum Investment Company for negligence.

In the alternative, petitioner further alleges that the General Maritime Law and doctrine of unseaworthiness applies to this action.

In the alternative, at the time of the accident complained of in this Petition, and for many years before, Mr. Charpentier was a member of the crew of a vessel and/or fleet of vessels owned, operated, and controlled by defendant Texas Petroleum and/or Texas Petroleum Investment Company. At the time of the accident complained of in this petition, Timmy Charpentier was permanently assigned as the captain of the DA-JA-VOO [sic], a vessel owned by Texas Petroleum and/or Texas Petroleum Company. As a Jones Act seaman, Mr. Charpentier is entitled to damages under the Jones Act for Texas Petroleum's failure to provide him with a seaworthy vessel and a safe place to work.[7]

15.    The Act requires that a limitation of liability action "be brought within six months after a claimant gives the [vessel] owner written notice of a claim." *Id.* at § 30511. This Complaint is filed within six months from the date Petitioner received Plaintiffs' Second Amended Petition, wherein Plaintiff provided first written notice to TPIC of limitable claims. Therefore, this Limitation Complaint is timely.

## III.   VALUE OF THE VESSEL.

16.    The value of Petitioner's interest in the Vessel following the alleged casualty described above is SEVENTEEN THOUSAND FIVE HUNDRED DOLLARS AND 0/100 ($17,500.00) as evidenced by the declaration attached hereto as Exhibit "4."

17.    The total amount of pending freight on the Vessel as of the date of the alleged occurrences described above is ZERO DOLLARS AND 0/100 ($0.00) as evidenced by the declaration attached hereto as Exhibit "5".

---

[7] Exhibit "3," Plaintiff's Second Amended State Court Petition.

## IV.   TPIC Is Entitled to Exoneration From and/or Limitation of Liability.

18.   The incident described above, and any damages claimed as a result thereof, were in no way caused or contributed to by any fault, neglect, or want of due care on the part of Petitioner.

19.   The incident described above, and any damages claimed as a result thereof, occurred without the fault, privity or knowledge of Petitioner.

20.   The incident described above, and any damages claimed as a result thereof, are the result in whole or in part of preexisting and/or subsequently occurring illnesses, injuries and/or bodily conditions unrelated to the alleged incident herein and for which Petitioner has no legal liability.

21.   The incident described above, and any damages claimed as a result thereof, were proximately caused in whole or in part by the contributory negligence/comparative negligence of Timmy Charpentier for which Petitioner is not responsible.

22.   The incident described above and any damages claimed as a result thereof are the result in whole or in part of the acts and/or omissions of third parties and/or instrumentalities over which Petitioner exercised no right of control and for which Petitioner has no legal liability.

23.   To the best of Petitioner's knowledge, information and belief, no warrant of arrest or any other process of any court has been issued for the DÉJÀ VU, and the vessel has not been and is not currently under seizure as a result of any claims or demands.

24.   Petitioner desires to contest its liability and the liability of the DA-JA-VOO for any claims made against it as it has valid defenses in fact and in law thereto.

Petitioner further claims the benefits of the Limitation of Liability Act, 46 U.S.C. app. §§ 181-189, Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, any and all Acts of Congress of the United States amendatory thereof or supplementary thereto, and the rules of practice of this Court and the Supreme Court of the United States.

25.     Subject to an appraisal of their interests, Petitioner herewith deposits with the Court, as security for the benefit of all potential claimants, an *Ad Interim* Stipulation in the sum of US $17,500.00 plus interest at six percent (6%) per annum from the date of said Stipulation, said sum representing the total value of the Vessel, its appurtenances, and pending freight.

26.     All and singular, the above premises of this Complaint are true and correct and within the jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**V.     PRAYER FOR RELIEF.**

**WHEREFORE, Petitioner prays that:**

a.     upon the filing of the *Ad Interim* Stipulation in the amount of SEVENTEEN THOUSAND FIVE HUNDRED DOLLARS AND 00/100 ($17,500.00), the Court, in accordance with the Federal Rules, shall cause a Monition to be issued to all persons asserting claims in the respect to which Petitioner seeks limitation, citing them to file their respective claims with the Clerk of this Court and serve them on or before the date to be named in said Monition or be forever barred and permanently enjoined from making and filing any such claims;

b.      the Court, upon filing of the *Ad Interim* Stipulation, will issue an injunction restraining the filing, commencement, and further prosecution in any Court whatsoever and all suits, actions, and legal proceedings of any nature or kind whatsoever against Petitioner and/or the DA-JA-VOO and/or their underwriters, and/or their insurers, whether *in personam*, or *in rem*, including, but not limited to the proceedings now pending in the matter entitled *Timmy Charpentier & Betty Charpentier v. HUB Energy Services, Inc. et al.,* Civil Docket No. 169828 filed in the 32nd Judicial District Court, Parish of Terrebonne.

c.      if any claimant, who shall file its claim under oath, shall file an exception controverting the value of the DA-JA-VOO in its condition as alleged herein, or to the amount of the *Ad Interim* Stipulation, the Court shall cause due appraisal to be made of the value of the DA-JA-VOO and its freight earned, if any, during the time referred to in the Complaint, and the value of Petitioner's interest therein; and, in the event said appraised value exceeds the limitation fund or security filed with Court, that this Honorable Court enter an Order for the payment into the Court of the higher value Petitioner's interests therein, or for the giving of security in the same amount pursuant to the Supplemental Rules of the Federal Rules of Civil Procedure;

d.      the Court adjudge that Petitioner is not liable to any extent whatsoever for any losses, damages, or injuries, and for any claims arising in consequence of the matters, happenings and events stated in this Complaint, and exonerate Petitioner from liability therefor;

- 8 -

e.     in the alternative, if this Court should adjudge that Petitioner is liable in any amount whatsoever, the Court adjudge said liability as limited to the value or amount of the interest of Petitioner in the DA-JA-VOO and its pending freight, if any; that the monies paid or ordered to be paid may be divided *pro rata* among such claimants as may prove their claims, saving to all parties the priority to which they may be entitled; and, that a decree be entered discharging Petitioner from all other liabilities; and,

g.     that Petitioner have such other and further relief as justice may require, both general and special, including the right to supplement and amend these pleadings in order to achieve justice.

Respectfully submitted,

**KEAN MILLER**

By: */s/ Sean T. McLaughlin*
　　　BRADLEY J. SCHLOTTERER (#24211)
　　　SEAN T. McLAUGHLIN (#31870)
　　　909 Poydras Street, Suite 1400
　　　New Orleans, Louisiana 70112
　　　E-mail: bradschlotterer@keanmiller.com
　　　　　　sean.mclaughlin@keanmiller.com
　　　Telephone: (504) 585-3050
　　　Facsimile: (504) 585-3051

and

**BROWN SIMS**

By:*/s/ Jonathan A. Tweedy*
　　　Jonathan A. Tweedy (#31997)
　　　Christy L. Johnson (#32877)
　　　650 Poydras Street, Suite 2200
　　　New Orleans, Louisiana 70130

- 9 -

E-mail: jtweedy@brownsims.com
           cjohnson@brownsims.com
Telephone: (504) 569-1007
Facsimile:  (504) 569-9255

**ATTORNEYS FOR TEXAS PETROLEUM
INVESTMENT COMPANY**

## VERIFICATION

BEFORE ME, the undersigned authority, on this date personally came and appeared, Jonathan A. Tweedy, who being duly sworn, on his oath deposed and stated the following:

That he is a duly authorized attorney for Petitioner, the owner of the DA-JA-VOO at all times relevant to this Complaint.

That he has read the foregoing Complaint and knows the contents thereof, that the same are true and correct to the best of his knowledge, information, and belief, and the sources of the affiant's knowledge and the grounds of his belief are from documents in his possession.

JONATHAN A. TWEEDY

SUBSCRIBED AND SWORN TO
BEFORE ME, this 25th day of February, 2016.

Notary Public in and for
The State of Louisiana

MATTHEW L. STEDMAN
NOTARY PUBLIC
State of Louisiana, Orleans Parish
My Commission is issued for Life.
Notarial # 88371 / LA Bar # 31547