```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF
THE COMPLAINT OF TEXAS                    CIVIL ACTION
PETROLEUM INVESTMENT COMPANY              NO: 16-1590
FOR EXONERATION FROM OR                   SECTION: "J" (4)
LIMITATION OF LIABILITY
```

**ORDER AND REASONS**

Before the Court is a *Motion to Dismiss Limitation Action as Untimely Pursuant to F.R.C.P. 12(b)(1), or in the Alternative, To Lift Stay Order* **(Rec. Doc. 7)** filed by Claimants Timmy Charpentier and Betty Charpentier ("Claimants") and an opposition thereto **(Rec. Doc. 12)** filed by Limitation Petitioner Texas Petroleum Investment Company ("TPIC"). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

**FACTS AND PROCEDURAL BACKGROUND**

This litigation derives from the alleged injury of Timmy Charpentier while working on TPIC's Point Au Fer facility, a fixed platform located in Terrebonne Parish, Louisiana, on August 9, 2012. (Rec. Doc. 7-1, at 2.) Mr. Charpentier, an operator employed by Shamrock Management, was allegedly struck by a blast from the pressure release valve of a compressor on the platform and sustained permanent, disabling injuries. *Id.* Claimants filed suit in state court against HUB Energy Services on June 19, 2013,

1

alleging that HUB, as owner of the compressor, improperly and negligently installed, maintained, and serviced the compressor that injured Mr. Charpentier. (Rec. Doc. 1-2, at 2.) Claimants filed their First Amended Petition on August 8, 2013, naming TPIC as a defendant in its capacity as owner of the platform on which Mr. Charpentier was allegedly injured. (Rec. Doc. 1-3.)

On November 20, 2015, Claimants filed their Second Amended Petition, alleging for the first time causes of action under the Jones Act, 46 U.S.C. § 30104, and general maritime law unseaworthiness against TPIC as owner of the vessel DA-JA-VOO that Mr. Charpentier used to travel to and from the Point Au Fer facility. (Rec. Doc. 1-4.) On February 25, 2016, TPIC filed a limitation action in this Court under The Limitation of Vessel Owner's Liability Act, 46 U.S.C. §§ 30501-30512, seeking to limit its liability to the value of the DA-JA-VOO. (Rec. Doc. 1.) TPIC claims the value of the DA-JA-VOO is $17,500.00. *Id.* The Court enjoined proceedings outside the limitation action and set the monition period for six months, from March 8, 2016 to September 8, 2016. (Rec. Doc. 5.)

On March 22, 2016, Claimants filed the instant motion to dismiss the limitation action or, in the alternative, to lift the stay on the state court action. (Rec. Doc. 7.) TPIC filed its opposition on April 12, 2016. (Rec. Doc. 12.) Claimants filed a motion for leave to file a supplemental memorandum, and TPIC filed

2

a motion for leave to file a response to Claimant's memorandum. (Rec. Doc. 13; Rec. Doc. 14.) Both motions are pending before the Court.

## PARTIES' ARGUMENTS

Claimants argue that TPIC's limitation action is untimely for its failure to comply with the six month window provided in 46 U.S.C. § 30511 and Supplemental Rule of F of the Federal Rules of Civil Procedure. (Rec. Doc. 7, at 3-6.) Specifically, Claimants argue (1) that their First Amended Petition in the state court proceeding, which named TPIC as defendant in August 2013, put TPIC on notice of a claim worth more than the value of the DA-JA-VOO and subject to limitation, and (2) that in the alternative, the aggregation of discovery in the case and communications between Claimants and TPIC similarly put TPIC on notice by January 15, 2015 at the latest.

TPIC responds (1) that the First Amended Petition did nothing to put TPIC on notice that the claims against it were in any way subject to limitation because the its allegations did not implicate Mr. Charpentier's potential seaman status, did not mention the DA-JA-VOO in any way, and sued TPIC in its capacity as owner of the platform, and (2) that the discovery and communications Claimants seek to aggregate cannot establish notice under the Limitation Act because they were not written in nature.

3

**LEGAL STANDARD**

**I.   Motion to Dismiss**

The Limitation of Liability Act "allows a vessel owner to limit liability for damage or injury, occasioned without the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel." *Lewis v. Lewis & Clark Marine, Inc.,* 531 U.S. 438, 439 (2001). The owner of a vessel may bring a civil action for limitation of liability in federal district court. The action is timely if it is filed within six months after a claimant gives the owner written notice of a claim. 46 U.S.C. § 30511; *see Karim v. Finch Shipping Co., Ltd.,* 265 F.3d 258, 263-64 (5th Cir. 2001) ("[A]n action filed by a shipowner seeking to limit its liability must be brought within six months after a claimant gives the owner written notice of a claim."). If the owner files a petition after the six-month period expires, the court must dismiss it as untimely. *Exxon Shipping Co. v. Cailleteau,* 869 F.2d 843, 846 (5th Cir. 1989). The purpose of the six-month prescription is to "require the shipowner to act promptly to gain the benefit of the statutory right to limit liability." *Id.*

The Fifth Circuit uses the "reasonable possibility" test to determine whether the claimant's written notice triggers the six-month filing period. *Complaint of Tom-Mac, Inc.,* 76 F.3d 678, 683 (5th Cir. 1996). Under this test, the claimant's written notice must reveal "a reasonable possibility that the claim made is one

4

subject to limitation." *Id.* Therefore, "notice is sufficient if it informs the vessel owner of an actual or potential claim . . . which may exceed the value of the vessel . . . and is subject to limitation." *In re Envtl. Safety & Health Consulting Servs., Inc.*, 463 F. App'x 383, 386-87 (5th Cir. 2012) (quoting *P.G. Charter Boats, Inc. v. Soles,* 437 F.3d 1140, 1143 (11th Cir. 2006)). A written notice "must inform the owner of both the details of the incident and that the owner appeared to be responsible for the damage in question." *In re Weber Marine, Inc.* 2010 WL 4884436, at *3 (E.D. La. Nov. 23, 2010) (internal quotation marks and citations omitted). The notice must also indicate that the claimant intends to seek damages from the owner. *In the Matter of Oceanic Fleet, Inc.,* 807 F. Supp. 1261, 1263 (E.D. La. Dec. 3, 1992). The owner's mere knowledge of the events giving rise to the claim is not sufficient to commence the running of the six-month time period. *Complaint of McKinney Towing, Inc.,* No. 94-2171, 1994 WL 682546, at *6 (E.D. La. Dec. 6, 1994).

**II. Motion to Lift Stay**

Supplemental Admiralty and Maritime Claims Rule F contains procedural laws pertaining to limitation actions. *See In re Tetra Applied Techs. L.P.*, 362 F.3d 338, 340 (5th Cir. 2004). Rule F provides that a district court may "enjoin the further prosecution of any action or proceeding against the [owner] or the [owner's] property with respect to any claim subject to limitation in the

5

action." Fed. R. Civ. P. Supp. R. F(3). However, a few exceptions to this rule exist. The Supreme Court has held that, when a single claimant sues a shipowner in state court and the owner files a limitation action in federal court, the federal court must allow a state court action to proceed but retain jurisdiction over the limitation action. *Langnes v. Green,* 282 U.S. 531, 542-43 (1931). The Fifth Circuit has allowed multiple claims to proceed outside the limitation action "(1) if they total less than the value of the vessel, or (2) if the claimants stipulate that the federal court has exclusive jurisdiction over the limitation of liability proceeding and that they will not seek to enforce a greater damage award until the limitation action has been heard by the federal court." *Odeco Oil & Gas Co. v. Bonnette,* 4 F.3d 401, 404 (5th Cir. 1993). Thus, if the parties provide stipulations that protect the shipowner's right to limit its liability, the state court case can proceed. *In re Tetra*, 362 F.3d at 341.

## DISCUSSION

### I. Motion to Dismiss

At issue is whether TPIC's limitation complaint was timely filed. First, the Court finds that Claimants' first amended petition did not provide notice of a reasonable possibility that the claim was subject to limitation. Claimants added TPIC as a defendant in their state court claim via amended petition on August 8, 2013. (Rec. Doc. 1-3.) Claimants alleged that TPIC improperly

or negligently installed, maintained, and serviced the compressor that caused injury to Mr. Charpentier. The amended petition does not mention the involvement of a vessel or any maritime claims. Claimants only alleged that they were entitled to damages from TPIC in its capacity as owner, installer, maintainer, or servicer of the compressor.

In contrast, the Fifth Circuit found that the following allegations gave rise to notice of a claim subject to limitation action: "(1) [Claimant Diaz] was working for a subcontractor of [Limitation Plaintiff] ES & H; (2) he was 'assigned to work in a small, unnamed boat'; (3) ES & H caused him to work from the boat and directed his work for the day; (4) ES & H told Diaz and other Team Labor Force employees to keep working when it otherwise shut down operations on August 25, 2008 due to an approaching storm; (5) ES & H sent home its safety representative when it shut down operations; and (6) Diaz was injured on August 25, 2008, while still performing his assigned work on the designated vessel." *In re Envtl. Safety & Health Consulting Servs., Inc.*, 463 F. App'x 383, 386 (5th Cir. 2012). Thus, the Fifth Circuit found that the limitation plaintiff knew that the claimant was injured, that the claimant was working on a vessel, and that the limitation plaintiff had directed claimant's tasks on the vessel. *Id.* at 386-87. A claimant need not identify the specific vessel involved in the

7

underlying claim. *Id.* at 387. However, the Fifth Circuit required some notice of the existence of a claim implicating maritime law.

In the case at bar, the fact that Mr. Charpentier traveled to and from the platform via a vessel did not apprise TPIC of the reasonable possibility that Mr. Charpentier's claim was subject to limitation. Further, Claimants did not allege any facts to suggest that Mr. Charpentier was a Jones Act seaman. Mr. Charpentier was injured on a platform. Claimants did not allege that a vessel was involved in the injury. The Fifth Circuit has held that a worker who primarily works on fixed platforms is not a seaman, despite the fact the he travels on a vessel to reach the platform or performs incidental work tasks on a vessel. *Mungia v. Chevron Co., U.S.A.*, 768 F.2d 649, 653 (5th Cir. 1985). Thus, TPIC could not have reasonably anticipated that Claimants would claim damages under the Jones Act or maritime law.

Second, the Court finds that Claimants' "aggregate notice" arguments fail because the alleged notices were not in writing. Claimants argue that TPIC received information in depositions that should have alerted it to the fact that the claim was subject to limitation. However, it is undisputed that the information was not conveyed in writing to TPIC. Further, while TPIC may have known that it owned the vessel that transported Mr. Charpentier to the platform, TPIC's mere knowledge of the events giving rise to the

8

claim is not sufficient to commence the running of the six-month time period. *McKinney Towing*, 1994 WL 682546, at *6.

Therefore, TPIC first received notice of a claim potentially subject to limitation on November 20, 2015, when Claimants amended their petition to allege causes of action under the Jones Act and general maritime law. Claimants filed the limitation action on February 25, 2016, well within the six-month time limit. Claimants' Motion to Dismiss lacks merit.

## II.  Motion to Lift Stay

Claimants argue that the Court should lift the stay on the state court action because Claimants filed stipulations to protect TPIC's right to limit its liability. (*See* Rec. Doc. 7-5.) However, Mr. and Mrs. Charpentier are not the only claimants in this action. HUB also filed a claim in this proceeding. (Rec. Doc. 11.) HUB has not filed any stipulations that might preserve TPIC's limitation rights. Further, the value the claims exceeds the value of the DA-JA-VOO. Mr. Charpentier's medical bills alone total $77,660.30. (Rec. Doc. 7-6.) Thus, the Court finds that lifting the stay is untimely until the monition period ends on September 8, 2016.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Claimants' *Motion to Dismiss Limitation Action as Untimely Pursuant to F.R.C.P. 12(b)(1), or in the Alternative, To Lift Stay Order* **(Rec. Doc. 7)** is **DENIED**.

9

**IT IS FURTHER ORDERED** that Claimant's *Motion for Leave to File Supplemental Memorandum* **(Rec. Doc. 13)** is **DENIED** as moot.

**IT IS FURTHER ORDERED** that TPIC's *Motion for Leave to File Response to Supplemental Memorandum* **(Rec. Doc. 14)** is **DENIED** as moot.

New Orleans, Louisiana this 22nd day of April, 2016.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE