```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| IN THE MATTER OF<br>THE COMPLAINT OF TEXAS<br>PETROLEUM INVESTMENT COMPANY<br>FOR EXONERATION FROM OR<br>LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO: 16-1590<br><br>SECTION: "J" (4) |

**ORDER AND REASONS**

Before the Court is a *Motion to Dismiss Limitation Action Due to Lack of Federal Subject Matter Jurisdiction Pursuant to Rule 12(b)(1), or in the Alternative, for Summary Judgment* **(R. Doc. 19)** filed by Claimants Timmy Charpentier and Betty Charpentier (Claimants), an opposition thereto (R. Doc. 25) filed by Limitation Petitioner Texas Petroleum Investment Company (TPIC), and a reply memorandum filed by Claimants (R. Doc. 28). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

**FACTS AND PROCEDURAL BACKGROUND**

This litigation derives from the alleged injury of Timmy Charpentier while working on TPIC's Point Au Fer facility, a fixed platform located in Terrebone Parish, Louisiana, on August 9, 2012. (R. Doc. 7-1, at 2.) Mr. Charpentier, an employee of Shamrock Management, was allegedly struck by a blast from the pressure release valve of a compressor on the platform and sustained permanent, disabling injuries. *Id.* Claimants filed suit in state court against HUB Energy Services (HUB) on June 19, 2013, alleging

1

that HUB, as owner of the compressor, was liable for improperly and negligently installing, maintaining, and servicing the compressor that injured Mr. Charpentier. (R. Doc. 1-2, at 2.) Claimants filed their First Amended Petition on August 8, 2013, naming TPIC as a defendant in its capacity as owner of the platform on which Mr. Charpentier was allegedly injured. (R. Doc. 1-3.)

On November 20, 2015, Claimants filed their Second Supplemental and Amending Petition, alleging for the first time causes of action under the Jones Act, 46 U.S.C. § 30104, and general maritime law unseaworthiness against TPIC as owner of the vessel DA-JA-VOO that Mr. Charpentier used to travel to and from the Point Au Fer platform. (R. Doc. 12-5.) TPIC timely filed a limitation action in this Court under the Limitation of Liability Act, 46 U.S.C. §§ 30501-30512, seeking to limit its liability to the value of the DA-JA-VOO. (R. Doc. 1.) TPIC claims the value of the DA-JA-VOO is $17,500.00. *Id*. The Court enjoined proceedings outside the limitation action and set the monition period for six months, until September 8, 2016. (R. Doc. 5.) Claimants filed a claim in the limitation action on March 22, 2016. (R. Doc. 6.)

On September 13, 2016, Claimants filed the instant motion to dismiss the limitation action or, in the alternative, for summary judgment. (R. Doc. 19.) TPIC filed its opposition on September 30, 2016 (R. Doc. 25.), and Claimants filed a supplemental

2

memorandum on October 12, 2016 (R. Doc. 28). The motion is now before the Court on the briefs and without oral argument.

## PARTIES' ARGUMENTS

Claimants argue that the Court lacks subject matter jurisdiction over this limitation action because Mr. Charpentier was injured on a fixed platform in state waters, and not on a vessel. Thus, Claimants argue that no admiralty jurisdiction exists over the incident giving rise to this litigation. Claimants alternatively argue that summary judgment should be granted in their favor for two reasons: first, Claimants argue that no genuine issue of material fact exists as to whether the vessel contributed to the accident here—it did not; and second, the negligent condition of the compressor on the platform was within TPIC's privity and knowledge as vessel owner.

TPIC argues that when Claimants made Jones Act and unseaworthiness claims, they inherently invoked admiralty jurisdiction. TPIC asserts that as long as Claimants continue to allege that TPIC failed to provide Mr. Charpentier with a seaworthy vessel, the Limitation of Liability Act is applicable. TPIC also argues that genuine issues of material fact exist as to TPIC's privity and knowledge.

**LEGAL STANDARD**

I.   **12(b)(1) Motion to Dismiss**

In deciding a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "the district court is 'free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case.'"  *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005).  The party asserting jurisdiction must carry the burden of proof for a Rule 12(b)(1) motion to dismiss.  *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011). The standard of review for a facial challenge to a motion to dismiss under Rule 12(b)(1) is the same as that for a motion to dismiss pursuant to Rule 12(b)(6).  *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992); *see also* 13 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3522 (3d ed. 2008).  If a court lacks subject matter jurisdiction, it should dismiss without prejudice.  *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209 (5th Cir. 2010).

II.   **Summary Judgment**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R.

4

Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

I.  **Motion to Dismiss**

The Limitation of Liability Act "allows a vessel owner to limit liability for damage or injury, occasioned without the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446 (2001). The owner of a vessel may file a complaint (formerly, a petition) for limitation of liability in federal district court, but "[t]he Limitation of Liability Act does not confer jurisdiction upon federal courts." *Guillory v. Outboard Motor Co.*, 956 F.2d 114, 115 (5th Cir. 1992). To file a limitation action, the suit must fall within the court's admiralty

jurisdiction under the U.S. Const. art III, § 2 and 28 U.S.C. § 1333(1). *Id.*

To invoke admiralty jurisdiction, both the locality and connection requirements must be satisfied. *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock*, 513 U.S. 527, 534 (1995). Part of the locality requirement is set out in the Admiralty Extension Act, which provides that admiralty jurisdiction "extends to and includes cases of injury or damage, to person or property, caused by a vessel on navigable waters, even though the injury or damage is done or consummated on land." 46 U.S.C. § 30101(a) (2006) (formerly, 46 App. U.S.C. § 740). Here, the Court looks to "where the wrong 'took effect' rather than the locus of the tortious conduct." *Petrobras Am., Inc. v. Vicinay Cadenas, S.A.*, 815 F.3d 211, 216 (5th Cir. 2016) (citing *In re La. Crawfish Producers*, 772 F.3d 1026, 1029 (5th Cir. 2014)). The connection with maritime activity requirement is satisfied when two conditions are met. *In re La. Crawfish Producers*, 772 F.3d at 1029. The first condition is that "the general features of the type of incident involved" indicate that the "incident has a potentially disruptive impact on maritime commerce." *Grubart*, 513 U.S. at 534. The second condition is that "the general character of the activity giving rise to the incident must show a substantial relationship to traditional maritime activity. *In re La. Crawfish Producers*, 772 F.3d at 1029 (citing *Grubart*, 513 U.S. at 534).

Claimants argue that neither the location test nor the connection test is met in this case because the injury allegedly sustained by Mr. Charpentier occurred on a "fixed platform firmly connected to the water bottom." (R. Doc. 19-1, at 6); *see Hufnagel v. Omega Serv. Indus., Inc.*, 182 F.3d 340, 351-52 (5th Cir. 1999) (holding that an accident occurring on an off-shore fixed drilling platform did "not support[] the application of maritime law"). Claimants further argue that Mr. Charpentier's injuries were caused by the compressor on the platform and that "[t]he M/V DA-JA-VOO did not cause this incident." *Id.* Thus, Claimants argue that even though they are alleging Jones Act and unseaworthiness claims, the Court lacks admiralty jurisdiction and should dismiss the limitation action.

The Court is not persuaded by Claimants' contortions to avoid admiralty jurisdiction. However ardently they argue to the contrary in this motion, the fact remains that Claimants' Second Supplemental and Amending Petition explicitly alleges that TPIC "fail[ed] to provide [Mr. Charpentier] with a seaworthy vessel and a safe place to work" and invokes the Jones Act. (R. Doc. 12-5, at 1-2.) A seaman must establish the causation element of an unseaworthiness claim by "prov[ing] that the unseaworthy condition played a substantial part in bringing about or actually causing the injury and that the injury was either a direct result or a reasonably probable consequence of the unseaworthiness." *Lett v.*

8

*Omega Protein, Inc.*, 487 F. App'x 839, 844 (5th Cir. 2012) (citing *Johnson v. Offshore Express, Inc.*, 845 F.2d 1347, 1354 (5th Cir. 1988). Thus, by making an unseaworthiness claim, Claimants inherently invoke admiralty jurisdiction. *See T.N.T. Marine Servs., Inc. v. Weaver Shipyards & Dry Docks*, 702 F.2d 585, 587-88 (5th Cir. 1983) (noting that a "suit for breach of a maritime contract and maritime tort" qualified as an election "to bring the suit under admiralty jurisdiction"); *In re Complaint of Hunt Petroleum Corp.*, No. 95-3046, 1996 WL 204371, at *1 (E.D. La. Apr. 25, 1996) (holding that a plaintiff who made claims under the Jones act "sufficiently involve[d] the vessel so as [to] invoke the statutory limitation of liability provisions"). The Court will not permit Claimants to allege that the unseaworthy condition of TPIC's vessel contributed to Mr. Charpentier's injuries and simultaneously disavow and avoid admiralty jurisdiction. *See In re Crescent Energy Servs., LLC*, No. 15-819, 2015 WL 7574771, at *2 (E.D. La. Nov. 25, 2015) ("By bringing these Jones Act and unseaworthiness claims, [the claimant] has acknowledged that [the limitation petitioner]'s vessel may be responsible for his injury. [The claimant] cannot make these claims and then argue that [the limitation petitioner]'s limitation action lacks a maritime location."). Claimants' Jones Act and unseaworthiness claims fall squarely within the Court's admiralty jurisdiction.

### II.  Summary Judgment

Claimants premise their motion for summary judgment upon two theories.  First, they argue that the Limitation of Liability Act requires an offending vessel, and that both parties agree no such vessel exists in this case.  Second, Claimants argue that no issue of material fact exists as to whether the negligence alleged in this case occurred with TPIC's privity and knowledge.

Claimants' first theory for summary judgment is as unconventional as it is unavailing.  Claimants begin by calling forth the language of the Limitation of Liability Act: "Except as otherwise provided, this chapter . . . applies to seagoing vessels and vessels used on lakes or rivers or in inland navigation, including canal boats, barges, and lighters." 46 U.S.C. § 30502.  Therefore, the argument goes, a limitation action is only available when the incident giving rise to the litigation involves a vessel in some concrete way.  Because Claimants state in the instant motion that the accident giving rise to the present suit "did not arise from a maritime accident and [] certainly was not caused by a vessel," Claimants argue that the Limitation of Liability Act cannot apply here.  The Court rejects this argument for the same reason it rejects Claimants' lack of jurisdiction argument.  As described above, an unseaworthiness claim necessitates an injury caused by a vessel.  By alleging that TPIC failed to provide Mr.

10

Charpentier with a seaworthy vessel, Claimants inherently allege that TPIC's vessel contributed to Mr. Charpentier's injury.

Claimants' second contention is that the alleged negligence leading to Mr. Charpentier's injuries was within TPIC's privity and knowledge and, therefore, Claimants can defeat TPIC's limitation action. The Limitation of Liability Act provides vessel owners with the right to limitation when the injury was caused "without the privity or knowledge of the owner." 46 U.S.C. § 30505(b). Thus, "if the vessel's negligence or unseaworthiness is the proximate cause of the claimant's loss, the plaintiff-in-limitation must prove it had no privity or knowledge of the unseaworthy conditions or negligent acts." *Trico Marine Assets, Inc. v. Diamond B Marine Servs., Inc.*, 332 F.3d 779, 789 (5th Cir. 2003).

Setting aside the fact that Claimants base their motion for summary judgment on "the condition of the compressor" which is located on a fixed platform and not a vessel, material issues of fact exist here as to whether TPIC had knowledge and privity over the allegedly negligent condition of the compressor. (R. Doc. 19-1, at 10.) Privity exists when the vessel owner "personally participated in the negligent conduct or brought about the unseaworthy condition." *Trico Marine Assets, Inc.*, 332 F.3d at 789. When a vessel owner is a corporation, knowledge "is judged not only by what the corporation's managing officers actually knew,

11

but also by what they should have known" regarding the conditions that could lead to injury.  *Pennzoil Producing Co. v. Offshore Express, Inc.*, 943 F.2d 1465, 1473-74 (5th Cir. 1991); *see also In re Int'l Marine, L.L.C.*, No. 12-358, 2013 WL 3293677, at *8 (E.D. La. June 28, 2013) (referring to the same knowledge standard when the vessel owner was a limited liability company).  Here, TPIC argues that it did not own the compressor at issue in this case; the compressor was owned by HUB.  HUB was responsible for testing and servicing the compressor.  In fact, a HUB employee performed service on the compressor the day before the incident occurred giving rise to this lawsuit.  There is at least a genuine issue of fact as to whether TPIC had knowledge and privity over the allegedly negligent condition of the compressor.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Claimants' *Motion to Dismiss Limitation Action Due to Lack of Federal Subject Matter Jurisdiction Pursuant to Rule 12(b)(1), or in the Alternative, for Summary Judgment* **(R. Doc. 19)** is **DENIED**.

New Orleans, Louisiana this 22nd day of November, 2016.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE